UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Nathon Alan Hale,                                                Civ. No. 2:15-210-PAM-MRM

               Petitioner,

v.                                                               **MEMORANDUM AND ORDER**

Florida Attorney General, Milton, Hicks, Warden, and
Secretary, Department of Corrections,

               Respondents.

---

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet. (Docket No. 1).) For the reasons that follow, the Petition is denied.

**BACKGROUND**

On April 11, 2011, Petitioner Nathon Alan Hale entered into a nolo contendere plea to charges of attempted burglary of a dwelling, first degree petit theft, and criminal mischief. (App'x Ex. 5 at 3.) The trial court sentenced him as a prison release reoffender to 60 months on the first charge, a consecutive 60 months on the second charge, and 42 days on the third charge with 42 days' credit for time already served. (Id. at 8.)

On September 9, 2011, Hale filed a motion for postconviction relief alleging that trial counsel was ineffective for failing to counsel him on the consequences of his nolo contendere plea and failing to contest the State's evidence against him. Hale also moved to withdraw his plea. (App'x Ex. 1 at 3, 5, 7; App'x Ex. 3.) Hale then "voluntarily withdr[e]w his entire . . . motion" at a postconviction evidentiary hearing for an unknown

reason. (Id.) Based on Hale's withdrawal, the trial court dismissed the matter on November 19, 2012.

On March 26, 2014, Hale filed a motion to correct an illegal sentence, arguing that his consecutive sentences as a prison release reoffender violated Florida law and that these sentences should run concurrently. (App'x Ex. 4 at 1-2.) The trial court denied the motion on April 4, 2014, concluding that Hale's prison release reoffender sentence was not enhanced and that a consecutive sentence was proper. (App'x Ex. 5 at 1-2.)

Hale filed the instant Petition on October 15, 2014. Hale again asserts that he received an illegal enhanced sentence. (Pet. at 14.)

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). The AEDPA restricts the Court's review to state-court judgments that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

The AEDPA requires that a habeas petition be timely filed and that the petitioner have exhausted his remedies with respect to the relief he seeks.

**A.     Timeliness**

The State first contends that the petition is untimely. A federal habeas petition must be filed within one year of the petitioner's conviction becoming final. 28 U.S.C. § 2244(d)(1). A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). In Gonzalez v. Thaler, the U.S. Supreme Court elaborates on § 2244(d)(1)(A), holding in part that:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the conclusion of direct review—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the expiration of the time for seeking such review—when the time for pursuing direct review in this Court, or in state court, expires.

565 U.S. 134, 150 (2012) (quotation marks omitted).

In Florida, a judgment becomes final 90 days after the conclusion of direct review to allow a petitioner the opportunity to seek a writ of certiorari with the U.S. Supreme Court. Chavers v. Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Once the judgment is final and the statute of limitations begins to run, the limitations period may be tolled where a prisoner properly files an "application for State post-conviction or other

3

collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The statute is also subject to equitable tolling where a petitioner shows "that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation marks omitted).

Hale did not seek direct review, so his conviction became final on July 10, 2011, the date on which the opportunity to seek direct review expired. Even when taking into account the tolling of the limitations period due to Hale's motions, more than a year passed from the final judgment to the time he filed this Petition. Additionally, there is no extraordinary circumstance that warrants equitable tolling. The Petition was not timely filed and it must be dismissed.

**B.     Exhaustion**

The State also contends that Hale's claim is unexhausted because he did not appeal the denial of his motion to correct an illegal sentence.

"For a federal court to hear a habeas claim resulting from a state conviction, the petitioner must first exhaust the remedies available in his state's courts." Ramos v. Fla. Dep't of Corr., 441 F. App'x 689, 696 (11th Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)). A claim is exhausted when "it is fairly presented to the state courts, meaning that the same claim must be brought before both the state and federal courts and presented in such a way 'that a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation.'" Id. (alteration in original) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). To fully exhaust

4

his claim, Hale was required not only to present the claim to the trial court, but also to pursue that claim on appeal. Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004). Hale's Petition is unexhausted because he did not raise his claim on appeal, and therefore it must be dismissed.

**C.     Certificate of Appealability**

Hale is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Hale has not demonstrated that his claim is debatable or that it "deserve[s] encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on Hale's claim.

**CONCLUSION**

Hale is not entitled to federal habeas relief because his claim is untimely and unexhausted. Accordingly, **IT IS HEREBY ORDERED that**:

1. Hale's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: December 4, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge